IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

DANIEL LAWSURE,                                                    Civil Action No.

    Plaintiff,

v.

ASTURIAN GROUP, INC.

    Defendant,

## COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Complaint for unpaid wages against the above-listed Defendant,

### STATEMENT OF THE CASE

1. Defendant Asturian Group, Inc. ("Asturian Group") employed the Plaintiff, Daniel Lawsure, from approximately August 2016 through his termination on January 25, 2018.

2. During the entirety of Lawsuire's employment with the Defendant, he would routinely work in excess of forty (40) hours per week and was not paid at the proper overtime rate.

3. Defendant Asturian Group violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 664, and 670.

4. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising out of the laws of Maine, pursuant to 13 U.S.C. § 1367.

5. The Defendant's violations of the FLSA and Maine's wage laws were willful and deliberate.

1

6. Lawsuire seeks compensation for the Defendants' violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Dan Lawsure is a resident of Cumberland County, Maine.

8. Defendant Asturian Group, Inc. is New Hampshire Corporation, registered to do business in Maine with principal address of 53 Green Street, Portsmouth, New Hampshire 03801.

9. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

10. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

## FACTS

12. Defendant Asturian Group is a general contracting firm that works primarily on renovating and constructing federal government facilities.

13. Defendant Asturian Group provides general contracting services up and down the eastern seaboard, including in Maine.

14. Defendant Asturian Group has over $500,000 in gross receipts per year.

## LAWSURE'S EMPLOYMENT

15. Lawsure became employed with Asturian Group in 2016.

16. Lawsure was employed as a Superintendent / QC / SSHO, charged with ensuring assigned construction jobs were completed on time and on budget.

17. Lawsure resided in Maine at the time he was hired by Defendant Asturian Group and continued to reside there throughout his employment.

18. Lawsure was employed by Defendant Asturian Group for jobs in Massachusetts, New Hampshire, Rhode Island and Maine.

19. Lawsure was charged with overseeing independent contractors and not employees, of Defendant Asturian Group.

20. Upon information and belief, Lawsure never supervised employees of Defendant Asturian Group.

21. As part of his job, Lawsure routinely worked more than forty (40) hours per week, but was not paid at the proper rate of time and a half of his base rate for all hours over forty (40).

22. Lawsure was terminated by the Defendant in approximately January 2018.

**DEFENDANTS FAILS TO CORRECT THEIR FAILURE TO PAY**

23. Lawsure, through counsel, demanded all unpaid wages and his employment files by certified letter dated March 12, 2018, which was delivered on March 19, 2018.

24. Defendant has refused to correct its failure to pay Lawsure notwithstanding the receipt of complaints.

**CLAIMS FOR RELIEF**

**COUNT I:**
**BREACH OF MAINE WAGE PAYMENT LAW**

25. Plaintiff Lawsure incorporates all previous paragraphs.

26. Defendant employed Plaintiff Lawsure as a superintendent.

27. Defendant failed to pay Plaintiff Lawsure all overtime wages due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

28. Defendant failed to pay all wages and commissions due Plaintiff Lawsure on payday as required under 26 M.R.S. § 621-A.

29. After leaving employment, Plaintiff Lawsure demanded payment of the late and unpaid wages in compliance with 26 M.R.S. §§ 626 and 626-A. Defendant indisputably owed Plaintiff Lawsure payment of all wages due.

30. Defendant failed to pay Plaintiff Lawsure within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:
## BREACH OF MAINE OVERTIME LAW

31. Plaintiff Lawsure incorporates all previous paragraphs.

32. Defendant employed Plaintiff Lawsure under 26 M.R.S. §663.

33. Defendant failed to pay Plaintiff Lawsure all overtime wages due under 26 M.R.S. § 664 by failing to pay him for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

34. Accordingly, under 26 M.R.S. §670 the Defendant is liable to Plaintiff Lawsure for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:
## BREACH OF THE FAIR LABOR STANDARDS ACT OVERTIME WAGE REQUIREMENTS
## 28 U.S.C. §§ 201 *et seq.*

35. Plaintiff Lawsure incorporates all previous paragraphs.

36. During all times relevant to this action, Plaintiff Lawsure was employed by Defendant as defined by 29 U.S.C. § 203(g).

37. Defendant failed to pay Plaintiff Lawsure for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

38. During all times relevant to this action, Plaintiff Lawsure was employed by Defendant in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

39. Upon information and belief, Defendant had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff Lawsure, who handled and worked on materials which had been moved in interstate commerce.

40. Defendant failed to pay Plaintiff Lawsure all overtime wages due at the proper overtime rate for all hours worked in excess of forty (40) hours in a given week, as is required by the FLSA.

41. Plaintiff Lawsure is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff Lawsure demands a jury for all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorneys' fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

d. Awarding the Plaintiff costs and attorneys' fees pursuant to Portland City Ordinance 33 *et seq.*;

e. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

f. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

g. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

h. Granting such other relief as this Court deems just and proper.

Dated: September 14, 2018

Respectfully Submitted,

 /s/ Peter Mancuso
Peter Mancuso, Esq.

Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
207-619-0884
Peter@MaineWorkerJustice.com

*Attorneys for the Plaintiff*